TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00519-CV






Tonya Walker and Nicholaus Zarate, Appellants


v.


Texas Department of Family and Protective Services, Appellee






FROM THE COUNTY COURT AT LAW NO. 3 OF WILLIAMSON COUNTY,

NO. 05-140-F3, HONORABLE DONALD HIGGINBOTHAM, JUDGE PRESIDING




M E M O R A N D U M O P I N I O N



 The trial court signed a final order terminating appellants' rights to their four minor
children on July 18, 2006. Pursuant to section 263.405 of the family code, appellants' appeals are
governed by the supreme court rules for accelerated appeals in civil cases. See Tex. Fam. Code Ann.
§ 263.405(a) (West Supp. 2006). Thus, appellants were required to file their notice of appeal within
twenty days after the trial court's final order was signed, or August 8, 2006. See Tex. R. App. P.
26.1(b); In re K.A.F., 160 S.W.3d 923, 927 (Tex. 2005), cert. denied, 126 S. Ct. 483 (2005).

 Appellant Tonya Walker filed her notice of appeal on August 25, 2006, and Appellant
Nicholaus Zarate filed his notice of appeal on September 5, 2006. Neither appellant filed a motion
to extend the deadline for filing notice of appeal as allowed under Tex. R. App. P. 26.3. (1) Although
both appellants filed motions for new trial, these motions did not operate to extend the deadline for
filing a notice of appeal. See Tex. Fam. Code Ann. § 263.405(c). Because appellants did not file
a motion for extension under rule 26.3 and their notices of appeal were not filed within twenty days
after the trial court signed the final order terminating appellants' parental rights, this Court is without
jurisdiction to consider appellants' appeals. See In re K.A.F., 160 S.W.3d at 927. Accordingly, we
dismiss appellants' appeals for want of jurisdiction.



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Dismissed for Want of Jurisdiction

Filed: April 19, 2007
1. Nor may we imply a motion to extend the deadline for filing notice of appeal, since both
appellants' notices of appeal were filed more than fifteen days after the deadline. See Tex. R. App.
P. 26.3; Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997).